IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MARVIN WOODARD, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 06-1716-HO |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| CHARLES A DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is serving a 120-month sentence following conviction for conspiracy to possess a controlled substance with intent to distribute. Petitioner began serving his sentence at FPC Sheridan on May 2, 2006. His current release date is January 12, 2009. The Bureau of Prison (BOP) asserts that petitioner is eligible for transfer into a community corrections center (CCC) 150-180 days prior to his release date. The BOP will give petitioner a CCC review 11 to 13 months prior to his release date. Petitioner seeks relief pursuant to 28 U.S.C. § 2241 asserting the BOP is wrongfully denying placement into a CCC prior to the last

10% of his sentence. Petitioner also asserts that the BOP is engaging in cruel and unusual punishment for applying group punishment for the actions of another inmate and for being forced to "volunteer" to work in the vegetable fields outside of his regular assigned job. Petitioner requests the court to order the BOP to consider placement in the halfway house without regard to the last ten percent of his sentence.

While petitioner has moved for an evidentiary hearing, in his reply, he agreed that there is an adequate basis in the record to determine his claims. Accordingly, petitioner's motion for an evidentiary hearing is denied.

Petitioner also moves for summary judgment asserting that respondent failed to timely file a response to the habeas petition. However, pursuant to Fed. R. civ. P. 6 and the acknowledgment of service, respondent timely filed his response. Accordingly, petitioner's motion for summary judgment is denied.

In his petition, petitioner states that he has just started the procedure to exhaust his administrative remedies. Respondent asserts the petition must be denied for failure to exhaust administrative remedies. Petitioner contends that exhaustion of remedies would be futile.

The BOP has established an administrative remedy program through which an inmate may seek formal review of any complaint regarding any aspect of imprisonment. 28 C.F.R. § 542.10. No

2 - ORDER

administrative remedy appeal is considered to have been fully exhausted until it is reviewed by the BOP's Central Office. 28 C.F.R. § 542.15(a). Before petitioning for habeas review, petitioner must first exhaust his administrative remedies through the BOP. United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992). Exhaustion is not required if pursuing those remedies would be futile. Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir. 1991).

Petitioner asserts that his appeal clearly would be rejected based on official policy as applied to FPC Sheridan and thus administrative appeal is futile. The issue is not futile with respect to his claims of entitlement to pay for his assigned job, for being punished as a group for the acts of one, and for being forced to volunteer in the vegetable garden. Plaintiff's assertion of violation of the ex post facto clause by applying a "hew" point system retroactively[1] must also be addressed administratively first. However, the issue of transfer to a CCC can be addressed by the court now in light of the regulations. Magistrate Judge Ashmanskas and Magistrate Judge Coffin have both held that the BOP's February 2005 regulations are invalid. Haskey v. Daniels, 05-249-AS; Weiderhorn v. Gonzales, 05-360-TC. Other courts have upheld the regulations. See, e.g., Jackson v. BOP, 2005 WL 1705775 (D.N.J. July 20, 2005). Accordingly, BOP will continue to adhere to its current regulations regarding CCC eligibility.

---

[1] This issue was only raised in petitioner's reply memo and not in his petition.

3 - ORDER

This court has agreed that the statute governing placement by the BOP of prisoners in prerelease custody did not authorize BOP regulations under which prisoners could be placed in a community corrections center, only for the lesser of six months or ten percent of their sentence. While the statute gave BOP discretion to decide an individual prisoner's placement based on specific enumerated factors that it was required to consider, the new regulations removed BOP's ability to exercise its discretion for all inmates not serving the last ten percent of their sentences. See Mori v. Daniels, 05-1146-CO (order dated April 25, 2006) (citing Fults v. Sanders, 442 F.3d 1088, 1091 (8th Cir. 2006)).

This court can not order CCC placement, but it can provide relief in the form of requiring consideration of placement be made without regard to 28 C.F.R. §§ 570.20 and 570.21. Magistrate Judge Coffin, in Weiderhorn, required the BOP to consider transfer under the factors set forth at 18 U.S.C. § 3621(b) and (c) due to a medical condition for which petitioner claimed to have received inadequate care at the facility in which he was confined. However, in this case, petitioner seeks placement pursuant to 18 U.S.C. § 3624(c) and under section 3621(b). However, petitioner puts forth no argument regarding the necessity of another facility beyond his claim of preparation for return to the community, which is addressed in section 3624(c). While the invalidity of the regulations in Weiderhorn involved the BOP's interpretation of statutory mandates reflecting a change from a decades-long BOP

4 - ORDER

policy that considered evaluating prisoners' suitability for community confinement to be appropriate at any point of a prisoner's incarceration, with the BOP typically considering CCC placement for the final six months of any period of imprisonment, this case involves suitability for adjustment to and preparation for the prisoner's re-entry into the community.  18 U.S.C. § 3624(c).

This issue is also different than the issue raised in <u>Mori</u> and <u>Haskey</u>.  Those cases involved the December 20, 2002, BOP's Office of Legal Counsel's conclusion that the maximum period of time a prisoner can serve his sentence in a CCC in connection with prerelease programming is the lesser of six months or ten percent of the inmate's sentence after the deduction of good time credits.  This issue is not present in this case either.

The BOP asserts that it will consider an appropriate CCC placement plan for petitioner 11-13 months prior to his release date.  While petitioner apparently seeks consideration rather than an order of immediate transfer, that consideration is premature at this point.

The petitioner requests consideration for placement to a CCC without regard to the last ten percent of the sentence.  18 U.S.C. § 3624(c) provides

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable

5 - ORDER

opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody.

The BOP asserts that it will follow the mandate of 18 U.S.C. § 3624(c) and petitioner does not present any need for consideration of the section 3261(b) factors prior to the last ten percent of his sentence. The length of his sentence also does not preclude consideration of placement for a full six months to a CCC. While petitioner, in his reply, appears to seek consideration of placement for more than six months, he provides no basis for such a request.[2] Accordingly, even assuming petitioner need not exhaust his administrative remedies with regard to his request for CCC consideration, petitioner's claim fails on the merits and section 2241 relief is denied.

## CONCLUSION

For the reasons stated above, petitioner's motions for an evidentiary hearing (#12) and summary judgment (#17) are denied. In addition, petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is denied, without prejudice, for failure to exhaust with respect to all issues raised except his

---

[2]Petitioner's assertion of violation of the equal protection clause because he can only receive a maximum of 5 percent of his sentence in a CCC pursuant to 18 U.S.C. § 3624(c) is without merit.

6 - ORDER

claim that the BOP should consider him for placement in a CCC without regard to the last ten percent of his sentence. Petitioner's claim with respect to the issue of placement into a CCC is denied and this proceeding is dismissed.

DATED this __10th__ day of May, 2007.

                                                         __s/ Michael R. Hogan__
                                                    United States District Judge